FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY ALAN CUTLER,

        Petitioner - Appellant,

  v.

JEAN HILL,

        Respondent - Appellee.

No. 09-35401

D.C. No. 3:07-CV-00193-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcom F. Marsh, United States District Judge, Presiding

Argued and Submitted June 10, 2010
Portland, Oregon

Before: THOMPSON and McKEOWN, Circuit Judges, and TIMLIN, Senior
District Judge.[**]

     Gregory Alan Cutler, a former Oregon state prisoner released on parole

conditions in 2008, appeals the district court's denial of his 28 U.S.C. § 2254

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

habeas corpus petition challenging his convictions and sentences for two counts of second-degree manslaughter based on evidence that he killed two motorists in a vehicle accident that occurred while he was driving a commercial truck loaded with PVC pipe on a mountain highway. Cutler argues that his trial counsel rendered ineffective assistance by failing to move to exclude the results of a urinalysis test performed shortly after his involvement in the vehicle crash, which showed the presence of methamphetamine, amphetamine, and marijuana metabolites in Cutler's urine. We have jurisdiction under 28 U.S.C. § 1291 and § 2253 and affirm.

The state post-conviction relief court's denial of Cutler's petition for post-conviction relief was not "contrary to, or an unreasonable application of" the standard for effective assistance claims established in Strickland v. Washington, 466 U.S. 668 (1984). 28 U.S.C. § 2254(d)(1). Even assuming Cutler's trial counsel was deficient in failing to move to exclude during trial the results of the urinalysis test showing methamphetamine, amphetamine, and marijuana metabolites in Cutler's urine shortly after the vehicle accident, Cutler has failed to demonstrate that he was prejudiced by trial counsel's deficiencies. Strickland, 466 U.S. at 694.

The state post-conviction relief court reasonably found that a number of other facts - that Cutler was speeding, was driving approximately three feet into the oncoming lane of traffic as he entered a curve on a windy mountain highway, and was driving a large commercial truck with a heavy load of PVC pipe attached to it - strongly supported Cutler's convictions for second-degree manslaughter based on recklessness. In contrast, the evidence of Cutler's drug use was rather weak and inconclusive. Moreover, statements Cutler made to law enforcement officials confirming his drug use were admitted into evidence at trial, and Cutler has never directly challenged the admission of those statements into evidence, either before the state courts on direct or collateral review or within his federal habeas petition. Therefore, Cutler has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors [in failing to move to exclude the results of the urinalysis test], the result of the proceeding would have been different." Id.

**AFFIRMED.**